```
DAVID A. TANNER, Esq.
Nevada Bar No. 8282
JEFFREY C. GUNN, Esq.
Nevada Bar No. 15925
TANNER LAW FIRM
7895 West Sunset Road, Suite 115
Las Vegas, Nevada 89113
Telephone (702) 987-8888
Facsimile (702) 410-8070
david@tannerlawfirm.com
jeff@tannerlawfirm.com
Attorneys for Plaintiff
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| ELPENIKE EDDY-ALDAVA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>SMITH'S FOOD & DRUG CENTERS, INC. d/b/a SMITH'S FOOD AND DRUG, a foreign corporation; DOES I through X; and ROE ENTITIES I through X,<br><br>Defendants | CASE NO.: 2:23-cv-01660-JCM-MDC<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**SECOND REQUEST** |

### STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES

There is good cause for this Stipulation in accordance with Local R. 26-3 (requiring that a "stipulation to extend any date set by the discovery plan, scheduling order, or other order… must be supported by a showing of good cause for the extension").

The Parties in this case have been working diligently to gather medical records, conduct depositions, and engage in other meaningful discovery. However, despite these efforts to move the case forward, one of Plaintiff's experts has requested an additional two weeks to complete his expert report in time for disclosure pursuant to Fed. R. Civ. P. 26(a)(2). As such, the Parties seek a modest 14-day extension of current deadlines in this case in

1

**IT IS HEREBY STIPULATED** by and between Plaintiff ELPENIKE EDDY-ALDAVA (hereinafter "Plaintiff"), by and through her counsel of record, DAVID A. TANNER, ESQ. and JEFFREY C. GUNN, ESQ. of the law firm of TANNER LAW FIRM, and Defendant SMITH'S FOOD & DRUG CENTERS, INC. (hereinafter "SMITH'S"), by and through its counsel of record, JERRY S. BUSBY, ESQ. and POOJA KUMAR, ESQ. of the law firm of COOPER LEVENSON, P.A., that all deadlines be extended by fourteen (14) days, as set forth below, to allow the Parties time to complete necessary discovery prior to trial.

I.   STATEMENT SPECIFYING DISCOVERY THAT HAS BEEN COMPLETED

To date, the Parties have completed the following discovery:

- Plaintiff has served her FRCP 26(a)(1) initial disclosure statement and two supplements thereto.
- SMITH'S has served its FRCP 26(a)(1) initial disclosure statement and erratum thereto.
- Both Parties have propounded written discovery requests upon each other pursuant to FRCP 33, 34, and 36.
- Both Parties have responded to propounded written discovery requests.
- The Parties have been collecting Plaintiff's relevant medical records.
- SMITH'S has taken the deposition of Plaintiff.
- The Parties have conducted a site inspection of the area where the subject incident occurred.
- Plaintiff has taken the deposition of the FRCP 30(b)(6) representative of SMITH'S.
- Plaintiff has taken the deposition of percipient employee witness of SMITH'S.
- The Parties have met and conferred in good faith regarding reasonable discovery remaining to be completed and a reasonable timeline for the completion of remaining discovery.

II.   SPECIFIC DESCRIPTION OF DISCOVERY THAT REMAINS TO BE COMPLETED

The Parties have yet to complete the following discovery:

- The Parties continue to collect Plaintiff's relevant medical records.
- The Parties intend to retain and designate initial and rebuttal expert witnesses.
- SMITH'S intends to depose Plaintiff's key medical providers.
- The Parties intend to depose disclosed expert witnesses.
- The Parties will assess the need for and, if appropriate, propound additional written discovery requests.
- The Parties intend to serve supplements to written discovery responses and disclosures.
- The Parties will assess the need for additional discovery and conduct same accordingly.

### III. REASONS WHY DISCOVERY REMAINING WAS NOT COMPLETED WITHIN DEADLINES CONTAINED IN DISCOVERY PLAN AND SCHEDULING ORDER

Since the last request for extension of discovery deadlines, the Parties have been moving forward with discovery and are in the process of retaining experts and obtaining said experts' reports for disclosure. However, Plaintiff retained an expert who has requested additional time to complete his report containing his opinions. The Parties have worked in good faith to avoid disruption to the applicable Discovery Plan and Scheduling Order as amended by this Court. However, due to the aforementioned issue, the Parties respectfully request additional time to complete adequate and vital discovery to prepare for trial. This is the Second such request, and the request is for an additional fourteen (14) days of discovery.

### IV. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the discovery deadlines in this case be continued fourteen (14) days from their present deadlines, as follows:

1. **Discovery Cut-Off Date**: The Parties jointly propose that the discovery cut-off date be extended fourteen (14) days from its present deadline of October 7, 2024, to **October 21, 2024**.

2. **Amending the Pleadings and Adding Parties**: This deadline was July 9, 2024, and has already expired.

3. **Fed. R. Civ. P. 26(a)(2) Disclosure of Experts**: The Parties jointly propose that the initial expert disclosure deadline be extended fourteen (14) days from its present deadline of August 8, 2024, to **August 22, 2024**; and the rebuttal expert disclosure deadline be extended fourteen (14) days from its present deadline of September 9, 2024, to **September 23, 2024**.

4. **Dispositive Motions**: In the event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing dispositive motions be extended fourteen (14) days from its present deadline of November 6, 2024, to **November 20, 2024**.

5. **Pre-Trial Order**: The Parties jointly propose that the date for filing the joint pre-trial order, which is currently set for December 6, 2024, be extended fourteen (14) days to **December 20, 2024**. In the event that dispositive motions are filed, the Parties jointly propose that the date for filing the joint pre-trial order be suspended until thirty (30) days after decision on dispositive motions or until further Order of the Court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the applicable Discovery Plan and Scheduling Order, the Parties jointly propose that the date for filing the joint pre-trial order be extended in accordance with the time periods set forth in this Paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosure**: The disclosure required by FRCP 26(a)(3), and any objections thereto, shall be included in the joint pre-trial order.

7. **Alternative Dispute Resolution**: Counsel for the Parties certify that they met and conferred about the possibility of using alternative dispute resolution including mediation, arbitration, and/or early neutral evaluation. The Parties have not scheduled any such ADR forum at this point, but they agree to reconsider following additional or completion of discovery.

8. **Alternative Forms of Case Disposition**: The Parties certify that they discussed consenting to trial by a magistrate judge or engaging in the Short Trial Program under FRCP 73 and, at present, do not consent to either alternative form of case disposition.

9. **Electronic Evidence**: The Parties certify that they have discussed and intend to use electronic evidence at the trial of this matter and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system. At present, the Parties have not agreed upon any stipulations regarding the use of electronic evidence but will address this issue again in the joint pre-trial order.

10. **Extensions or Modifications of the Discovery Plan and Scheduling Order**: Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline. Requests to extend discovery deadlines must comply fully with LR 26-3.

**IT IS SO STIPULATED.**

DATED this 1st day of August, 2024.
**TANNER LAW FIRM**

_____
DAVID A. TANNER, ESQ.
Nevada Bar No. 008282
JEFFREY C. GUNN, ESQ.
Nevada Bar No. 015925
7895 West Sunset Road, Suite 115
Las Vegas, Nevada 89113
(702) 987-8888
*Attorneys for Plaintiff,*
*Elpenike Aldava*

DATED this 1st day of August, 2024.
**COOPER LEVENSON, P.A.**

/s/ Pooja Kumar
_____
JERRY S. BUSBY, ESQ.
Nevada Bar No. 001107
POOJA KUMAR, ESQ.
Nevada Bar No. 012988
3016 West Charleston Boulevard, Suite 195
Las Vegas, Nevada 89102
(702) 366-1125
*Attorneys for Defendant,*
*Smith's Food & Drug Centers, Inc.*

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
UNITED STATES MAGISTRATE JUDGE
DATE: 8/6/2024