UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Elpenike Eddy-Aldava,

    Plaintiff,

vs.

Smith's Food & Drug Centers, Inc.,

    Defendant.

2:23-cv-01660-JCM-MDC

**ORDER DENYING MOTION TO STRIKE; and REPORT AND RECOMMENDATION**

Pending before the Court is plaintiff Elpenike Eddy-Aldava's *Motion to Strike* ("Motion") (ECF No. 23). For the reasons stated below, the Court DENIES the Motion. To the extent plaintiff raises a Motion *in limine*, the Court RECOMMENDS denying it.

## DISCUSSION

### I. BACKGROUND

This is a case arising from a "slip and fall" at defendant's place of business. *See* ECF No. 1 Plaintiff initially filed this action on July 28, 2023, in the Eighth Judicial District court, Clark County, Nevada. *Id.* Defendant removed this action to federal court on October 23, 2023. *Id.* Discovery in this matter closed on October 21, 2024. *See* ECF No. 16. On November 20, 2024, defendant filed a *Motion for Summary Judgment*. ECF No. 18. On November 27, 2024, plaintiff obtained a stipulation (ECF No. 21) allowing her additional time until December 18, 2024, to respond to defendant's *Motion for Summary Judgment*. On December 12, 2024, plaintiff filed her Motion (ECF No 23) and then, on, December 18, 2024, she filed her opposition (ECF No. 24) to plaintiff's *Motion for Summary Judgment*. Defendant opposes the Motion.

### II. MOTION TO STRIKE

By her Motion, plaintiff seeks to strike or, in the alternative, exclude the opinions of defendant's expert witness, Dr. Michael Trainor. ECF No. 23. The Court has reviewed the Motion and related briefings, and for the reasons stated below, denies the Motion. First and foremost, the Court finds that

plaintiff failed to meaningfully meet-and-confer as required by LR IA 1-3(f), LR 16-3(a), and LR 26-6. Second, plaintiff failed to comply with the Court's Standing Order (ECF No. 17) in filing this Motion. Finally, plaintiff's Motion is untimely.  For these reasons, plaintiff's Motion is denied.

### A.  Failure To Meet and Confer

While Plaintiff's Motion is primarily a discovery motion by which she seeks to strike Dr. Trainor pursuant to FRCP 26 and FRCP 34, plaintiff also couches part of it as a motion *in limine* to exclude evidence under FRE 401 and 403.  The relevant portions of LR 16-3(a), LR 26-6(c), and LR IA 1-3 provide:

> Motions in limine will not be considered unless the movant attaches a statement certifying that the parties have participated in the meet-and-confer process and have been unable to resolve the matter without court action.

LR 16-3(a).  Similarly, LR 26-6(c) provides:

> Discovery motions will not be considered unless the movant (1) has made **a good-faith effort** to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

*Id.* (emphasis added).  The meet and confer process and efforts are expressly set forth in LR IA 1-3(f), which provides:

> Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in **good faith** the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants**.** Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference**.** The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

*Id.* (emphasis added).

> A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, **despite a sincere effort** to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

LR IA 1-3(f)(2) (emphasis added).

The Court finds that there has been a lack of sincere meet-and-confer efforts. *See Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) ("Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place"). The "meet and confer" declaration by plaintiff's counsel (ECF No. 23 at 3), timing of the Motion, and previous stipulation for extension (ECF No. 21) undermine that a sincere meet and confer effort occurred prior to plaintiff filing her Motion.

Plaintiff obtained the stipulation (ECF No. 21) giving her an extension to respond to defendants *Motion for Summary Judgment*. *See* ECF No. 21. The stipulation states that the ground for extension is "due to the holidays and due to Plaintiff's Counsel out of town during Thanksgiving and much of December." *Id.* It does not mention any disputes with defendant's expert or intent to move to strike defendant's expert. Defendant questions the plaintiff's motives for obtaining the stipulation. They suggest that plaintiff instead sought and obtained the stipulation to prepare both her Motion and opposition to plaintiff's *Motion for Summary Judgment*. *See* ECF No. 26, pp. 1-2. Defendant's suggestion appears persuasive given that plaintiff filed her Motion on the same day of her counsel's first and only meet-and-confer with defendant's counsel about Dr. Trainor. *See* ECF No. 23, p. 3 at ¶3.

The declaration by plaintiff's counsel (ECF No. 23 at p.3) does not establish that plaintiff engaged in sincere and good faith efforts as required by LR 16-3(a), LR 26-6(c), and LR IA 1-3(f). Plaintiff merely stated her position during the "meet and confer" and does not show she actually made any efforts and proposals to resolve and narrow the issues. Plaintiff also filed her Motion (which is considerable) on the same day plaintiff first and only time discussed her disputes with defendant.[1] ECF No. 23 at 3 ¶ 2. This timing undermines plaintiff's position that her counsel made sincere resolution efforts since plaintiff apparently had the Motion already or substantially prepared prior to meeting and conferring. Plaintiff is reminded that the meet-and-confer requirement is not a mere "formalistic

---

[1] Plaintiff filed her Motion (ECF No.23) at 4:30pm on December 12, 2024.

perquisite" but is to be treated as a "substitute for [] judicial resolution of discovery disputes." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). Therefore, the Court denies the Motion to Strike because of a lack of sincere, sufficient, and good faith meet-and-confer efforts.

### B. Failure To Comply With Standing Order

Plaintiff's Motion is primarily a discovery motion under Rules 26, 34, and 37 of the Federal Rules of Civil Procedure (*see* ECF No. 23). As such, the Court denies the Motion because plaintiff did not comply with the Court's Standing Order (ECF No. 17). The Court's Standing Order not only reiterates the meet-and-confer requirements under this district's local rules, but also provides for specific and detailed requirements and prerequisites to resolve the disputes raised by plaintiff's Motion. *See* ECF No. 17.

### C. Plaintiff's Discovery Motion Is Untimely

Discovery closed on October 21, 2024. *See* ECF No. 16. Defendant filed a motion for summary judgment on the November 20, 2024, dipositive motion deadline. *See* ECF Nos. 16 and 18. The expert disclosure deadline was August 22, 2024, and the rebuttal expert disclosure deadline was September 23, 2024. *See* ECF No. 16. Dr. Trainor's report is dated July 29, 2024 (ECF No. 23-2) and was disclosed to plaintiff on August 22, 2024 (ECF No. 26). Plaintiff deposed Dr. Trainor on October 18, 2024. Defendant provided plaintiff an Dr. Trainer's updated testimony list on November 15, 2024. It is unclear whether the parties discussed re-opening discovery for plaintiff to depose Dr. Trainor about this updated testimony list. It appears the first time the issue was raised was on December 12, 2024, when counsel discussed the issues and plaintiff filed her Motion to Strike. *See* ECF No. 23.

The Court finds that plaintiff's Motion is untimely as a discovery motion because plaintiff filed it two months after Dr. Trainor's deposition and the close of discovery, and nearly a month after defendant filed its *Motion for Summary Judgment* on the dispositive motion deadline. "Discovery motions filed after the deadline for dispositive motions are presumptively untimely and such late-filed motions are routinely denied." *See Garcia v. SEIU*, 332 F.R.D. 351, 354 (D. Nev. 2019) (collecting cases). Plaintiff

was served with Dr. Trainor's expert disclosure on August 22, 2024, and deposed him on October 18, 2024. Plaintiff does not address why the issue was not raised some reasonable time after the August 22, 2024, disclosure or Dr. Trainor's October 18, 2024, deposition when she claims to have been appraised of the issues. Plaintiff does not address why she did not raise the issues before defendant filed its *Motion for Summary Judgment* on November 20, 2024, or in connection with the parties' November 27, 2024, stipulation for extension of time (ECF No. 21). In sum, plaintiff gives no explanation why her discovery issue was not raised and addressed until December 12, 2024, when she both first attempted to meet and confer with defendant and filed her Motion. Thus, the Court cannot determine whether there is good cause for the timing of plaintiff's Motion. Accordingly, the Court also denies her Motion as untimely.

### III. CONCLUSION

The Court denies the Motion for the following alternative and independent grounds: [1] plaintiff failed to meet-and-confer and comply with LR IA 1-3(f), LR 16-3(a), and LR 26-6(c); [2] plaintiff failed to comply with the Court's Standing Order (ECF No. 17); and [3] plaintiff's Motion is untimely.

ACCORDINGLY,

**IT IS ORDERED that** the *Motion to Strike* (ECF No. 23) is DENIED; and

To the extent that plaintiff raises it,

**IT IS RECOMMENDED that** the *Motion in limine* (ECF No. 23) be DENIED.

DATED this 15th day of January 2025.

IT IS SO ORDERED AND RECOMMENDED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge