UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RODRIHO G. ALDAVA,<br><br>　　　　　Plaintiff(s),<br><br>　v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.,<br><br>　　　　　Defendant(s). | Case No.2:23-CV-1660  JCM (MDC)<br><br>ORDER |

Presently before the court is plaintiff's motion to strike and motion in limine (ECF No. 23). Defendant responded (ECF No. 26), to which plaintiff replied (ECF No. 27).

Also before the court is Magistrate Judge Couvillier's order and report and recommendation ("R&R"), denying the motion to strike and recommending that the court deny the motion in limine. (ECF No. 29). Plaintiff filed an objection (ECF No. 30), to which defendant responded. (ECF No. 31). With leave of court, plaintiff filed a reply (ECF No. 41).

**I.   Background**

This case arises from a "slip and fall" at defendant's place of business. (*See* ECF No. 1). Plaintiff filed the instant action on July 28, 2023, in Nevada state court. *Id.* Defendant removed the action to federal court on October 23, 2023. *Id.* Discovery closed on October 21, 2024. (*See* ECF No. 16). On January 15, 2025, Magistrate Judge Couvillier denied plaintiff's motion to strike. (ECF No. 29). Plaintiff timely filed an objection. (ECF No. 30).

**II.   Legal Standard**

A party may file specific written objections to the findings and recommendations of a United States magistrate judge made pursuant to Local Rule IB 1-4. 28 U.S.C. 636(b)(1)(B); LR IB 3-2. If a party timely objects to a magistrate judge's report and recommendation, the court must

1  "make a *de novo* determination of those portions of the [report and recommendation] to which the
2  objection is made." 28 U.S.C. § 636(b)(1). The court may accept, reject, or modify, in whole or
3  in part, the findings or recommendations made by the magistrate." *Id.*

4  Pursuant to Local Rule IB 3-2(a), a party may object to the magistrate judge's report and
5  recommendation within fourteen (14) days from the date of service of the findings and
6  recommendations. A party making objections must support those objections with points and
7  authorities. LR IB 3-2(a). Responses to the objections must be filed and served fourteen (14) days
8  after service of the objection. *Id.*

### III. Discussion

Plaintiff seeks to strike or, in the alternative, exclude the opinions of defendant's expert witness, Dr. Michael Trainor. (ECF No. 23). Dr. Trainor is a doctor of osteopathy and defendant's only medical expert. (ECF No. 23 at 4).

The magistrate judge denied the motion to strike, finding that plaintiff failed to meaningfully meet and confer, failed to comply with the magistrate's standing order, and failed to timely file the motion. (ECF No. 29 at 2). The magistrate judge recommends that the court deny the motion in limine. (*Id.*).

#### A. Request for hearing date.

The court has sufficient information to decide the instant motions based on the filings and thus denies any request for a hearing on this matter. *See* LR 78-1.

#### B. Timeliness of the motion

Judge Couvillier considered the motion untimely because plaintiff filed it two months after Dr. Trainor's deposition and the close of discovery, and nearly a month after defendant filed its motion for summary judgment.[1] (ECF No. 29 at 4). The timeliness of a motion in limine differs from the timeliness of a motion to strike, which might be considered up until trial. Therefore, timeliness is not an issue with the motion in limine.

. . .

---

[1] "Discovery motions filed after the deadline for dispositive motions are presumptively untimely and such late-filed motions are routinely denied." *See Garcia v. SEIU*, 332 F.R.D. 351, 354 (D. Nev. 2019) (collecting cases).

C. Failure to comply with standing order

Plaintiff failed to comply with this standing order. Plaintiff has no excuse, calling the violation "an oversight." (ECF No. 7). Given that the motion in limine is not a discovery motion, the court does not adopt the R&R on these grounds; it does, however, remind plaintiff of his obligation to familiarize himself with and comply with the local rules of the district and standing orders of the court.

D. Meet-and-confer

Judge Couvillier denied plaintiff's motion on the grounds that plaintiff failed to "meet and confer" in compliance with the local rules. (ECF No. 29 at 2–4). Although the motion is framed as a motion to strike, plaintiff seeks, in the alternative, to exclude some of Dr. Trainor's opinions. (ECF No. 23 at 16-18). Judge Couvillier recommends that this court deny this request on the same grounds as the motion to strike, citing a failure to comply with LR 16-3(a) and LR IA 1-3(f). (*See* ECF No. 29 at 2–4). This court adopts Judge Couvillier's reasoning and decision for the reasons laid out below.

A court will not consider a motion in limine unless the movant attaches a statement certifying that the parties participated in the meet-and-confer process.[2] This means that the parties "must communicate directly and discuss in good faith the issues required under the particular rule or court order." LR IA 1-3(f). There must be a direct dialogue between the parties, such as a face-to-face interaction, telephone, or video conference; written or electronic communications will not suffice. *Id.*

The motion must include a declaration setting forth "the details and results of the meet-and-confer conference and each disputed discovery request." *Id.* The meet-and-confer declaration must include a description of "all meet and confer efforts, including the time, place, manner, and participants." LR IA 1-3(f)(2). "The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention." *Id.*

---

[2] This rule is analogous to LR 26-6(c), which requires a declaration that the parties made a good faith effort to meet and confer. LR 26-6(a).

Plaintiff's counsel includes a declaration in the motion, indicating that he spoke with opposing counsel on December 12, 2024, regarding his concerns about Dr. Trainor. (ECF No. 23 at 3). Plaintiff's counsel declares that the parties addressed: (1) the accuracy of Dr. Trainor's testimony list; (2) plaintiff's allegation that Dr. Trainor failed to include the basis for his opinions about Dr. Hanna in his report; and (3) plaintiff's allegation that Dr. Trainor's opinions were unfounded regarding the injuries sustained. (ECF No. 23 at 3). Plaintiff's counsel certifies that the parties failed to achieve a resolution and filed the present motion to strike as a result. (ECF No. 23 at 3).

The court agrees with Judge Couvillier's determination that "there has been a lack of sincere meet-and-confer efforts." *See Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015) ("Courts may look beyond the certification made to determine whether a sufficient meet-and-confer actually took place.").

Plaintiff's counsel merely rattles off what the parties discussed on December 12, 2024, and that "no resolution was achieved." (ECF No. 23 at 3). The declaration fails to establish that plaintiff engaged in sincere and good faith efforts to narrow or resolve the dispute. *See* LR 26-6(c), LR IA 1-3(f). Indeed, plaintiff filed the motion to strike the same day as the (only) meet-and-confer conference with defendant on this issue, indicating that plaintiff had already prepared or substantially prepared the motion prior to the conference. (*See* ECF No. 29 at 3). Accordingly, the court adopts Judge Couvillier's R&R denying plaintiff's motion in limine on the grounds that the parties failed to meaningfully meet and confer.

E. Merits of the Motion

Plaintiff takes issue with the magistrate not addressing the merits of the motion, and instead denying it on procedural grounds. Ironically, plaintiff seeks to strike Dr. Trainor based on Dr. Trainor's purported failure to comply with procedural rules. (*See* ECF No. 23 at 13). Namely, plaintiff takes issue with an outdated testimony list and a purportedly incomplete report. (ECF No. 30 at 6).

In his reply, plaintiff complains that defendant "has not taken any steps to supplement Dr. Trainor's report," which he claims is incomplete. (ECF No. 30 at 5). Plaintiff fails to explain

what steps he has taken to resolve the matter. He has not even sought additional time to depose Dr. Trainor. (*Id.* at 4; ECF No.). Defendant, on the other hand, claims that it was unaware of the incompleteness of the list and subsequently supplemented it. (ECF No. 26 at 4). Plaintiff's grievances might be resolved if the parties engaged in a *good faith* meet-and-confer, as the local rules instruct.

As to plaintiff's allegations regarding the substance of the report, these are issues that are more appropriately addressed in a later motion or brought out at trial. On that note, at the time of briefing for this motion, a trial date had not been set, further indicating that plaintiff would not suffer harm with respect to litigation strategy or discovery. (*Id.* at 7). The court sees no prejudice in denying the motion in limine and accordingly adopts the magistrate's report and recommendation.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Judge Couvillier's R&R (ECF No. 29) be, and the same hereby is, ADOPTED.

IT IS FURTHER ORDERED that plaintiff's motion in limine (ECF No. 23) be, and the same hereby is, DENIED.

DATED September 29, 2025.

_____
UNITED STATES DISTRICT JUDGE